# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS MONAE, on behalf of himself and all others similarly situated, | ) ) ) | |
| | ) | Case No. 18-cv-424 |
| Plaintiff, | ) ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) ) | |
| COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COUNTY OF COOK, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants' motion to bifurcate discovery and be excused from participation in the MIDP [50] is denied without prejudice. The parties' MIDP disclosures are due by 5/30/2018. This case is referred to Magistrate Judge Schenkier for discovery supervision.

## STATEMENT

When ruling on motions to bifurcate class certification and merits discovery, courts consider the following factors:

> (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed.

*Reid v. Unilever U.S., Inc.,* 964 F.Supp.2d 893, 932 (N.D. Ill. 2013) (Castillo, J.) (quoting *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) (Kim, Mag. J.)).

Here, the class certification and merits issues are closely enmeshed. The plaintiff convincingly argues that the materials in question will be relevant regardless of whether discovery is

bifurcated, and the defendants have offered no argument to challenge that assertion. Because it appears that class discovery and merits discovery will substantially overlap, this Court perceives no benefits of efficiency or expediency to be gained in bifurcating discovery at this early stage in the proceedings.

The defendants also ask to be excused from this Court's Mandatory Initial Discovery Pilot Project based on the burden that compliance would pose. The defendants' argument concerning the burden that compliance would pose appears to overlook the MIDP's text, which provides that "[t]o the extent the volume of any . . . materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity." Standing Order Regarding Mandatory Initial Discovery Pilot Project § B(3). The Court does not believe that disclosures, in the form contemplated by section B(3), would be impossible or unduly burdensome for the defendants to provide. In light of the voluminous files to be reviewed prior to disclosure, this Court extends the MIDP initial disclosure deadline in this case to 6/6/2018. The Court acknowledges that subsequent disclosure deadlines under the MIDP might need to be altered in light of the volume of documents at issue in this case.

IT IS SO ORDERED.

Date: 5/7/2018

Entered : _____
                SHARON JOHNSON COLEMAN
                United States District Court Judge