# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOUIS MONAE, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 18-cv-424 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| COOK COUNTY SHERIFF'S OFFICE, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COUNTY OF COOK, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

The Cook County Sheriff's Office and County of Cook's motion to dismiss [61] is granted in part and denied in part. The Cook County Sheriff's Office is dismissed without prejudice.

## STATEMENT

The moving defendants contend that the Cook County Sheriff's Office should be dismissed because it is not a suable entity. Although courts have differed in their treatment of the Cook County Sheriff's Office as a named defendant, it is undisputed that an action against the Cook County Sheriff's Department may be brought by naming the Cook County Sheriff as a defendant in his official capacity. Here, Sheriff Dart has been named as a defendant in his official capacity. The Cook County Sheriff's Office is therefore a redundant party and, without objection from the plaintiff, is dismissed without prejudice.

The defendants next contend that the County of Cook is not liable for the alleged actions of the Sheriff's Office. It is undisputed that the plaintiff has named Cook County as a defendant solely for purposes of indemnification. *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 636 (7th Cir. 2009).

To the extent that the complaint is ambiguous on this point, the plaintiff concedes, and this Court holds, that the complaint only contains a claim for indemnification against Cook County.

Finally, the defendants argue that the plaintiff has failed to adequately allege or administratively exhaust a neutral employment practice sufficient to support a disparate impact claim. Seventh Circuit precedent, however, does not require that disparate-impact claims be based on a facially neutral employment policy, and the defendants' arguments, which are based on outdated caselaw, are therefore without merit. *Adams v. City of Indianapolis*, 742 F.3d 720, 731 (7th Cir.2014).

IT IS SO ORDERED.

Date: 8/8/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge